DANIEL T. BIBB, *Plaintiff in Error,* v. UNITED GROCERY COMPANY, A CORPORATION, *et al., Defendants in Error.*

Opinion Filed March 14, 1917.

Under the provisions of Section 1496 of the General Statutes of 1906, as amended by Chapter 6320 of the Laws of Florida, (Acts of 1911, p. 191), a verdict is properly directed for the defendant, when it is apparent to the Judge of the Circuit Court, after all the evidence shall have been submitted on behalf of the plaintiff in a civil case, that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff.

Writ of Error to Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment affirmed.

*W. M. Toomer* and *W. H. Surrency,* for Plaintiff in Error;

*Marks, Marks & Holt,* for Defendants in Error.

PER CURIAM.—Daniel T. Bibb brought an action at law against the United Grocery Company, a corporation, and B. G. Lasseter, which both the plaintiff and the defendants concur in their briefs in stating "is an action on the case for a malicious abuse of process in the nature of a conspiracy to break up and destroy the plaintiff's business." No point is made on the pleadings and we see no occasion to set them out. The case was tried before a jury and at the close of the plaintiff's evidence each of the defendants filed a motion upon several grounds for a directed verdict, which motions were granted and the jury instructed to find a verdict in favor of the defendants, which the jury did and judgment was entered accordingly.

The two errors assigned are based upon the overruling of the motion for a new trial, the grounds of which are that the court erred in directing a verdict in favor of the defendant, and in the exclusion of a certain designated paper proffered by the plaintiff in evidence. An examination of all the plaintiff's evidence convinces us that the plaintiff had signally failed to prove his case, therefore no verdict could have been lawfully returned in his favor. This would have been true, even if the excluded paper had been admitted in evidence. Under the provisions of Section 1496 of the General Statutes of 1906, as amended by Chapter 6220 of the Laws of Florida, (Acts of 1911, p. 191), the direction of the verdict by the trial judge was proper.

The judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, SHACKLEFORD, WHIT-FIELD AND ELLIS, JJ., concur.